UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER WASILOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-2334 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| MACNEAL HOSPITAL and ILLINOIS DEPARTMENT OF PUBLIC HEALTH, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Heather Wasilowski brings this lawsuit against defendants MacNeal Hospital and the Illinois Department of Public Health ("IDPH") pursuant to 42 U.S.C. § 1983. Before the Court are defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motions. The Court grants Wasilowski leave to file an amended complaint against defendant MacNeal Hospital in accordance with this ruling by September 2, 2022. The Court dismisses the IDPH, a state agency, as a defendant to this lawsuit under the Eleventh Amendment.

**Background**

Construing her pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Wasilowski states MacNeal Hospital made false accusations against her in order to involuntarily commit her to the psychiatric ward without her consent. Wasilowski alleges the hospital informed her that she was a danger to herself and others, after which she explained that she was being irrational because she did not feel well. She also asserts MacNeal Hospital provided improper medical care and held her against her will. In addition, Wasilowski alleges MacNeal Hospital wrongly reported her to the Illinois Department of Children and Family Services

("DCFS"). When Wasilowski returned home from the hospital, she claims the DCFS accused her of child abuse and neglect.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Defendant MacNeal Hospital asserts that while Wasilowski provided some general assertions in her complaint, she failed to allege sufficient factual content under the federal pleading standards. The Court agrees. Meanwhile, in her response brief, Wasilowski explains that the hospital's actions resulted in her loss of physical liberty and that by giving her antipsychotic medications against her wishes, she was deprived of her first amendment right to free speech and free exercise of religion. In order to bring constitutional claims like this under § 1983, the defendant must have been acting under the color of state law. Put differently, "[b]ecause § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). From Wasilowski's allegations, it is not clear whether MacNeal Hospital is a state actor, or whether the

state directs or controls the actions of the hospital. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). Without more, Wasilowski has failed to allege sufficient facts allowing for any reasonable inference that the hospital is liable for the alleged constitutional violations. In addition, Wasilowski's attempts to add new causes of action against the hospital in her response brief fail because it is well-established that "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

As to defendant IDPH, in her response brief Wasilowski explains she included the IDPH because she previously filed a complaint with them to investigate MacNeal Hospital, but the IDPH told her they would not investigate the matter. As a state agency, however, the IDPH is immune from suit because state agencies are not "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Moreover, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the eleventh amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Here, the IDPH has not consented to suit. The Court therefore dismisses the IDPH as a defendant to this lawsuit.

**Conclusion**

For these reasons, the Court grants defendants' motions to dismiss [8, 11] and grants plaintiff leave to file an amended complaint against MacNeal Hospital in accordance with this ruling by no later than September 2, 2022. The Court dismisses the IDPH as a defendant from this lawsuit with prejudice.

IT IS SO ORDERED.

Date: 7/19/2022     Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3