UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER WASILOWSKI, | ) | |
| Plaintiff, | ) | Case No. 22-cv-02334 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| MACNEAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Heather Wasilowski brings this action against Gottlieb Community Health Services Corporation, d/b/a MacNeal Hospital ("MacNeal Hospital") alleging claims related to care she received at defendant hospital. On July 19, 2022, the Court granted MacNeal Hospital's motion to dismiss Wasilowski's complaint but gave her leave to file an amended complaint. MacNeal hospital now moves to dismiss Wasilowski's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Wasilowski also filed a motion to strike MacNeal Hospital's affirmative defenses. For the following reasons, the Court grants MacNeal Hospital's motion to dismiss [26] and denies Wasilowski's motion to strike [27].

**Background**

Construing Wasilowski's pro se amended complaint liberally, Wasilowski alleges that she was admitted to MacNeal Hospital on May 18, 2021 due to illness. While there, Wasilowski maintains that hospital staff restrained her, sedated her, and transferred her to the psychiatric ward According to the amended complaint, the hospital contends (and Wasilowski denies) that she voluntarily admitted herself to the psychiatric ward. When Wasilowski asked to leave to be with her children, staff members threatened to call the Illinois Department of Children and Family ("DCFS") Services unless Wasilowski remained compliant with her care. Wasilowski returned home to learn that DCFS

initiated an investigation and eventually entered an indicated finding of child abuse or neglect, which Wasilowski later had removed through an administrative appeals process.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

First, Wasilowski moves to strike MacNeal Hospital's affirmative defenses. Because MacNeal Hospital filed a motion to dismiss and not an answer containing affirmative defenses, the motion is denied.

Although Wasilowski's amended complaint contains more information than her first, it fails to state a claim upon which relief may be granted. Wasilowski realleges her claims under 42 U.S.C. § 1983, maintaining that MacNeal Hospital deprived her of certain rights while under its care. In the Court's order granting MacNeal Hospital's motion to dismiss Wasilowski's first complaint, the Court noted that the plaintiff failed to allege that MacNeal Hospital was a state actor. (Dkt. 22, at 2–3.) Her failure to do so defeated her claim "[b]ecause § 1983 actions may only be maintained against

defendants who act under the color of state law[.]" (*Id.* (quoting *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010).) Wasilowski again fails to allege that MacNeal Hospital is a state actor and MacNeal Hospital maintains that it is a private entity. In response to the motion to dismiss, Wasilowski argued that MacNeal Hospital is nonetheless a quasi-state actor because it accepts "funding from the State through Medicaid and Medicare." (Dkt. 30, at 1.) But the receipt of state funds alone does not make MacNeal Hospital a state actor. *See Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003) ("[A] private person's receipt of state funds, without more, does not make that person a state actor [for purposes of § 1983].");  *see also Blum v. Yaretsky*, 457 U.S. 991, 1011, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982). Therefore, Wasilowski cannot proceed on her claims under § 1983.

Wasilowski does not otherwise plead claims under the First Amendment. First, Wasilowski does not state a claim under the Free Speech Clause because the hospital is a private entity. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930, 204 L. Ed. 2d 405 (2019) ("[A] private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor."). Wasilowski also states that the hospital violated her "right to free exercise of religion." But the complaint fails to allege facts to inform the defendant of the basis of her suit. Wasilowski pleads only that "principles that are applied in religion are often not applicable to science." (Dkt. 24, at 5.) This statement is insufficient to proceed on her claim. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (quotation omitted) ("[I]t is not enough for a complaint to allege labels and conclusions without providing facts—some short, plain, and plausible factual narrative that conveys a story that holds together.").

Finally, Wasilowski alleges that MacNeal Hospital did not comply with the Illinois Mental Health and Developmental Disabilities Code, which states that a patient whose receives

3

psychotropic medication shall first receive information about the medication, including side effects, risks and benefits of the treatment, and alternative treatment options from their physician. *See* 405 ILCS 5/2-102(a-5). Wasilowski maintains that she was forcibly medicated without these precautions in violation of the Due Process Clause of the Fourteenth Amendment. Again, because the hospital is a private actor, her Due Process Clause claims cannot go forward. *See Banks v. Sec'y of Indiana Fam. & Soc. Servs. Admin.*, 997 F.2d 231, 246 (7th Cir. 1993).

Though the Court previously gave Wasilowski leave to amend her complaint, the amended pleading contains the same deficiencies as the first. In addition, Wasilowski gives no indication how further amendment could cure these defects. For these reasons, the Court dismisses her claims with prejudice. *See Circle Block Partners, LLC v. Fireman's Fund Ins. Co.*, 44 F.4th 1014, 1023 (7th Cir. 2022).

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss plaintiff's claims with prejudice. Plaintiff's motion to strike is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 9/8/2023